IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10CV69-03-MU

CHARLES MICHAEL CASSELL III,   )
                               )
         Plaintiff,            )
                               )
    v.                         )        **O R D E R**
                               )
DR. DAWKINS et al.,            )
                               )
         Defendant.            )
_____)

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint and Exhibits filed on May 13, 2010 pursuant to 42 U.S.C. § 1983 (Doc. Nos. 1 and 4) and Plaintiff's Motions and Memorandums in Support of a Preliminary Injunction (Doc. Nos. 3, 4 and 5);

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed the instant Complaint against Defendant Dr. Dawkins alleging deliberate indifference to his serious medical needs and against the guards on Red Unit Lock Up alleging the denial of legal paper, carbon papers and envelopes.

Specifically, Plaintiff argues that Dr. Dawkins placed him on medications he knows are ineffective for pain. He contends that he has been on Methadone and Neurotin for over five years and that on the "3rd or 5th"[1] Dr. Dawkins told him that "because he wrote up a nurse, you are not getting any more Methadone or Neurotin."[2] Plaintiff contends that his pain level is a

---

[1] Plaintiff does not specify what month he is referring as to when he saw Dr. Dawkins and learned that he would not longer be taking Methadone or Neurotin.

[2] The Court notes that in May 4, 2010 response to a grievance filed by Plaintiff, staff responded that according to medical, an order to discontinue Plaintiff's medication was given because Plaintiff was cuffing his medicine and complaining that his pain was not being relieved

1

"level 10 plus." Plaintiff states "[y]ou poeple wonder why gards and doctors get stabbed or killed now you know what they do to deserve it." (Complaint at 5.) Plaintiff also alleges that the guards in Red Unit Lock Up do not provide him with adequate legal paper or carbon paper. (Id.)

The Court is authorized to conduct an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and may dismiss those cases or claims which do not pass frivolity review. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (dismissal appropriate where claim "lacks an arguable basis either in law or fact"); Neitzke v. Williams, 490 U.S. 319 (1989) (sua sponte dismissal appropriate where claim is based on a meritless legal theory). In other words, an action should be dismissed "if it does not allege enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (internal citations omitted). In conducting this initial review, the Court is mindful of its obligation to liberally construe Plaintiff's allegations under Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, such obligation does not relieve Plaintiff of his duty to assert a cognizable claim upon which the court can grant relief.

Indeed, notwithstanding the Court's obligation to liberally construe Plaintiff's obligations, the Court is well aware that it is not required "to ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990). Nor is this Court required

---

by the medication. The grievance response also indicates that on March 4, 2010 an order was written restarting Plaintiff's Methadone. (Doc. No. 4 at 2.) The Court further notes that claims of retaliation are generally met with skepticism. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). Further, as outlined in this Order, Plaintiff is not entitled to the pain medication of his choice.

to "conjure up questions never squarely presented," Beaudett v. City of Hampton, 775 F.2d 1274 (4th Cir. 1985), "to develop tangential claims from scant assertions in the complaint" Lowdermilk v. LaManna, 2009 WL 2601470 (D. S.C. 2009), or to "rewrite a petition" for the benefit of a plaintiff. Wise v. South Carolina Dept. Of Corr., 2006 WL 1879001 (D. S.C. July 6, 2006).

In addition, the Fourth Circuit has indicated that "whatever purposes the complaint form might serve, it does not . . . create upon the district court an obligation to sua sponte raise and address any and every claim that might arguably be presented by the facts as presented." See Brock v. Carroll, 107 F.3d 241, 242-43 (4th Cir. 1997).

## II. ANALYSIS

A prisoner makes out a claim under the Eighth Amendment if he can establish that prison medical staff was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth Amendment violation occurs only if the medical need is serious. Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). Additionally, prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to an inmates health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be demonstrated by either actual intent or reckless disregard. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to him or which would be apparent to a reasonable person in his position. See Miltier, 896 F.2d at 852-53. However, a plaintiff must prove that defendant was aware of facts showing a substantial risk of harm and also drew the inference that a substantial risk of harm existed. See Johnson v. Quinones, 145 F.3d 164, 167-68 (4th Cir. 1998). Disagreements over the quality and extent of medical care do not state a claim

for relief for deliberate indifference.  <u>Estell</u>, 492 U.S. 97 (1976).  Following <u>Estelle</u>, the Fourth Circuit expressly held that "[d]isagreements between an inmate and a physician over the inmates's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged."  <u>Wright v. Collins</u>, 766 F.2d 841, 849 (4th Cir. 1984).  To be actionable, an inmate's treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness."  <u>Miltier v. Beorn</u>, 896 F.2d 848, 851 (4th Cir. 1990).  Additionally, simple negligence is not a constitutional deprivation.  <u>Daniels v. Williams</u>, 474 U.S. 327 (1986); <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-106 (1976).

Applying the above legal precedent to the facts of this case, there are no facts that support a finding that Defendant was deliberately indifferent to Plaintiff's medical needs.  Plaintiff complains that his long-time pain medications were changed and that he is at a pain level 10 plus.  However, despite that fact that this Court is aware that Plaintiff is a seasoned pro se litigator in this Court, the Eastern District of North Carolina and in the Fourth Circuit, he does not even allege in his Complaint that the new pain medications are not helping him or that he specifically went back to medical to complain that the new medicine was not relieving his pain.  Instead in his grievance against Dr. Dawkins, he complains that he was taken off Methadone and he wanted to be put back on the Methadone for his pain.  (Doc. No. 4 at 2.)   He essentially contends that he is not getting the pain medication of his choice, however, the case law makes clear that disagreements between and inmate and his doctor regarding  proper medical care is not sufficient to state a § 1983 claim and that a prisoner is not entitled to choose his course of treatment.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976)<u>;  Russell v. Sheffer</u>, 528 F.2d 318, 319 (4th Cir. 1975.)  Indeed, assuming Plaintiff's allegations are true, the fact that Dr. Dawkins took him off at least one highly addictive narcotic medication and put him on another pain medication

4

is not "grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). It would be an altogether different claim if Plaintiff stated, which he does not, that Dr. Dawkins abruptly took him off his pain medication and refused to put him on any other pain medications. Further, the Court is aware that Plaintiff is a long time drug seeker who has abused the Court system with his numerous filings. Indeed, August 2008, the Honorable Terrence Boyle, in a comprehensive twelve page Order that chronicled Plaintiff's medical history, noted that Plaintiff had a long history of drug seeking. (See Cassell v. Dr. Jagust, No. 5:06CT3025-BO, EDNC.). In that same Order, Judge Boyle listed at least three instances where Plaintiff threatened various healthcare providers with legal action when he was denied different pain medications. (Id. at 5, 6, 7.) Judge Boyle ultimately granted the medical defendants motion for summary judgement concluding that the doctors in that case treated Plaintiff reasonably.[3] (Id.) For the reasons stated herein, Plaintiff's claim regarding his pain medication does not state a claim for deliberate indifference.

Plaintiff's claim that the guards on Red Unit do not provide him with sufficient legal paper or carbon paper is belied by the record in this case. Indeed, Plaintiff's Complaint and exhibits and motions number at least 45 pages. Moreover, the Court is aware that Plaintiff filed a 6 page Complaint in the Eastern District of North Carolina on March 1, 2010 followed by a 7 page letter and a 2 page discovery motion. Plaintiff's claim, which can only be construed as an access to the courts claim, is denied as it is clear that Plaintiff's alleged lack of paper or other supplies has not hindered his ability to file his case in this Court and the Eastern District of

---

[3] The Court notes that in that case Plaintiff argued, as he does here, that the doctors changed and reduced his pain medication.

North Carolina. Indeed, Plaintiff does not even allege that his lack of paper has affected his ability to file lawsuits.

## III. CONCLUSION

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed to state facts in his Complaint which establish violations of the Constitution.

## IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1) Plaintiff's Complaint is Dismissed (Document No. 1)

2) Plaintiff's Motion for Preliminary Injunction is Denied as moot (Document No. 2).

**SO ORDERED.**

Signed: June 3, 2010

Graham C. Mullen
United States District Judge